327 So.2d 877 (1976)
Marie A. CONNORS, Appellant,
v.
Joseph L. CONNORS, Appellee.
No. 75-882.
District Court of Appeal of Florida, Second District.
March 5, 1976.
William P. Levens of Barrs, Melendi & Williamson, Tampa, for appellant.
Joseph L. Connors, pro se.
SCHEB, Judge.
The trial court awarded permanent custody of the parties' child to the appellee *878 father. Appellant, Marie A. Connors, contends the trial court erred in determining the issue of permanent custody of her son without giving her adequate notice. We agree and reverse.
The Connors' marriage was dissolved by final judgment on February 24, 1969, with custody of their son, Kevin, now age 12, being given to the mother. A temporary order issued October 30, 1974, granting temporary custody of Kevin to the appellee father. Both parties subsequently filed petitions for permanent custody of their child. Counsel for appellant mother served appellee's counsel with a notice of hearing for May 22, 1975, on the mother's petition for modification. Prior to that time, however, counsel for the parties stipulated between themselves "that the court at this hearing would only hear the defendant's [husband's] request to remove the child [temporarily] from the state." At the hearing, over appellant's objection, the court announced its intention to settle the issue of permanent custody, although in his later written order, from which this appeal is taken, the trial judge recognized the parties had stipulated that the hearing would be devoted to the limited purpose recited above.[1]
Though justifiably interested in expediting this delicate, yet protracted matter, the trial judge erred in going beyond the scope of the stipulation entered into between the parties, who were not on notice to prepare for a hearing on issues pertinent to permanent custody. Basic elements of due process in any judicial proceeding are notice and opportunity to be heard. Cavalier v. Ignas, Fla. 1974, 290 So.2d 20. These requirements are especially applicable to a proceeding to modify the custody provisions of a divorce decree since there must, in such instances, be a showing of substantial change in circumstances for entry of the decree. Hutchins v. Hutchins, Fla.App.2d 1969, 220 So.2d 438. See, Grant v. Corbitt, Fla. 1957, 95 So.2d 25; Schraner v. Schraner, Fla.App. 1st 1959, 110 So.2d 33. Here, the appellant was denied the opportunity to prepare and present evidence relevant to the issue of permanent custody and thereby was not afforded the opportunity for a meaningful hearing on the custody issue.
Accordingly, the order is reversed and the cause is remanded for further proceedings consistent with this opinion.
McNULTY, C.J., and HOBSON, J., concur.
NOTES
[1] At oral argument before this court, appellee in pro per acknowledged that he too was surprised that the judge determined the matter of permanent custody at the hearing, since he only anticipated a ruling on the question of removal of the child temporarily and resolve of a request by both counsel for a report from the Division of Family Services.