404 So.2d 165 (1981)
STATE ex rel. Franklin C. COODY, Petitioner,
v.
The Honorable Bernard C. MUSZYNSKI, As Judge of the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, Respondent.
No. 81-1044.
District Court of Appeal of Florida, Fifth District.
September 28, 1981.
*166 Richard Trapp of Trapp & Chastain, Orlando, for petitioner.
Honorable B.C. Muszynski, Orlando, pro se.
FRANK D. UPCHURCH, Jr., Judge.
Petitioner seeks a writ of prohibition to prevent enforcement of an order committing him to jail for criminal contempt.
In State ex. rel. Coody v. Muszynski, 402 So.2d 81 (Fla. 5th DCA 1981), this court granted certiorari quashing a part of the trial court's order dated August 13, 1981. The order found the petitioner in contempt for failure to pay the ordered child support, sentenced him to confinement for sixty days and provided that he could purge himself of contempt by paying the amount of adjudicated arrearages "seven days after incarceration." This court quashed the portion of the order which in effect sentenced petitioner to jail for seven days before he could purge himself.
When the trial judge was advised verbally of this court's grant of the writ, he concluded that the order quashed was deficient and should be amended to reflect the fact that the husband, Franklin C. Coody, was also found guilty of criminal contempt and the reasons why. Therefore, on August 19, 1981, an "Amended Order of Commitment for Contempt" was entered "nunc pro tunc." The changes in the order consist of the additional finding: "the Husband failed to personally appear and failed to return the minor child when obligated to do so." The trial judge amended paragraph 1 of the original order which read, "The Husband, Franklin C. Coody, is adjudged to be in contempt of this court," by adding the words "Civil and Criminal"; otherwise, the orders are essentially identical.[1]
The petition for rule to show cause filed below states three bases for a finding of contempt. In essence, the first alleged that the husband had obtained the minor child of the parties pursuant to an agreement to return her on August 1, 1981, but that he had failed to return her or permit the mother to talk to her. The second ground set out in the petition was that the husband had failed to pay one-half of certain medical bills and the third ground, that he had failed to pay the attorney fees ordered in the final judgment. The court found him in contempt for failing to return the child, pay the sums ordered, and for failure to appear for the hearing on the rule to show cause.
The trial court has filed a response arguing that this court's action in quashing its order was premature and precipitous because we did not require a more complete record. Our decision was proper, however, because the action of the trial court was not justified under the facts and it was obvious from the court's order that the requirements of Florida Rule of Criminal Procedure 3.840 had not been met and that the petitioner's arrest was imminent.
Nothing in the petition indicated that criminal contempt was contemplated. In the case of criminal contempt, greater procedural due process safeguards are involved. This principle is recognized in Florida Rules of Criminal Procedure 3.830 and 3.840. See Pugliese v. Pugliese, 347 So.2d 422 (Fla. 1977).
*167 Rule 3.830 provides for punishment of direct criminal contempt. Direct criminal contempt occurs where the act constituting the contempt is committed in the immediate presence of the court. Pugliese. Where the act is committed out of the presence of the court, the procedures outlined in rule 3.840 for indirect criminal contempt are applicable. Id.
None of the omissions of petitioner listed above constituted a direct criminal contempt.[2] Even if there had been a direct criminal contempt, petitioner was not afforded the procedural guaranties of rule 3.830. See State ex rel. Garlovsky v. Eastmoore, 393 So.2d 567 (Fla. 5th DCA 1981); Porter v. Williams, 392 So.2d 59 (Fla. 5th DCA 1981). In the case before us, the trial judge had two alternatives available to him in the disposition of the petition: 1) he could issue an order to arrest the defendant and to commit him for a designated period or until he purged himself of civil contempt, or 2) if he concluded the petition indicated facts constituting an indirect criminal contempt, he could follow the procedures established in rule 3.840 for indirect criminal contempt. Under the facts of this case, petitioner could not be prosecuted for criminal contempt until an order signed by the judge and directed to the defendant was issued, stating the essential facts constituting the criminal contempt and requiring the defendant to appear and show cause. If the judge believes petitioner will not appear, he may order his arrest but he shall be admitted to bail as in criminal cases. He must be arraigned at the hearing or, at his request, prior thereto. He is entitled to be represented by counsel, have compulsory process for attendance of witnesses and may testify in his own behalf. None of these procedural safeguards were afforded the petitioner/husband here. The amendment to the August 13, 1981 order did nothing whatever to cure these omissions.
We therefore GRANT WRIT OF PROHIBITION. The amended order dated August 19, 1981 is QUASHED and of no further force or effect.
ORFINGER and COBB, JJ., concur.
NOTES
[1] Because the result would be the same, we have elected not to deal with the impropriety of the trial judge's action in attempting to amend an order nunc pro tunc after being informed that this court had accepted certiorari jurisdiction and quashed a portion of the original order.
[2] While failure to appear pursuant to an order of the court may be considered a direct criminal contempt, Sandstrom v. State, 390 So.2d 448 (Fla. 4th DCA 1980), here petitioner's failure to appear at the hearing on the rule to show cause merely constituted a failure to appear at a civil proceeding and acted as a default as to those matters considered at the hearing.