420 So.2d 417 (1982)
Alan V. BRADLEY, Appellant,
v.
STATE of Florida, Appellee.
No. AJ-265.
District Court of Appeal of Florida, First District.
October 14, 1982.
Melanie Ann Hines, Asst. Public Defender and Garry D. Adel, Legal Intern, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Barbara Ann Butler, Asst. Atty. Gen., Jacksonville, for appellee.
SHAW, Judge.
Appellant appeals a judgment holding him in contempt of court for failing to provide handwriting exemplars. He urges that the trial court committed reversible error in conducting the show cause hearing in his absence. We agree and reverse.
The facts are simple. Bradley was charged with forgery and uttering a forgery. The court ordered him to provide "any and all exemplars of his handwriting as deemed necessary." Exemplars were given but the State suspected that he was attempting to disguise his handwriting. On the State's motion, a second order was entered which specified that the exemplars be of his true handwriting. The second exemplars were given but, again, the State suspected that Bradley was attempting to disguise his handwriting. On petition of the State, Bradley and counsel appeared in court on 29 June 1981 where the court issued a verbal show cause order as to why Bradley should not be held in contempt for failing to provide the ordered exemplars. A written show cause order was issued and hearing was set 4 August 1981. Bradley's counsel appeared at the 4 August hearing and advised the court that he had not seen nor heard from Bradley since the 29 June 1981 court appearance. The court ruled that Bradley had waived his right to be present by his absence and, over objection of counsel, proceeded with the criminal contempt hearing. After the presentation of *418 the State's evidence, the court found Bradley to be in indirect criminal contempt for failing to provide handwritten exemplars as ordered. An arrest warrant directing that Bradley be held without bond was issued. He was arrested on 8 January 1982.
Criminal contempt trials "are effectively criminal in nature and persons accused of contempt are as much entitled to the basic constitutional rights as are those accused of violating criminal statutes." Aaron v. State, 284 So.2d 673, 675 (Fla. 1973). It is "error to enter an order of indirect criminal contempt without adhering to the requirements of Fla.R.Crim.P. 3.840 ..." and "... procedural due process of law demands that the proceedings be conducted in conformity with Fla.R.Crim.P. 3.840... ." Pugliese v. Pugliese, 347 So.2d 422, 426 (Fla. 1977).
Florida Rules of Criminal Procedure 3.840(a)(4) and (a)(7) entitle the defendant, inter alia, to testify in his own defense and to present evidence of mitigating circumstances. There is no suggestion in the rule that proceedings may be had without the presence of the defendant. Rule 3.180(b) provides two exceptions whereby a criminal trial may proceed with the defendant absent: first, where the defendant is present at the beginning of the trial but thereafter voluntarily absents himself without leave of court; or, second, where the defendant is removed from the presence of the court because of his disruptive conduct. Neither of these two exceptions occurred in the present case, and, without Bradley present, the indirect criminal contempt proceeding was not conducted in conformity with rule 3.840.
We appreciate the anguish of the trial judge at the loss of valuable court time when a duly noticed and properly scheduled proceeding is frustrated by the failure of the defendant to appear. However, in this instance, issuance of an arrest warrant for failure to appear at the show cause hearing would have preserved both the dignity of the court and the basic constitutional rights of the defendant.
REVERSED and REMANDED for proceedings consistent with this opinion.
LARRY G. SMITH and JOANOS, JJ., concur.