455 So.2d 604 (1984)
Lewis R. DOWDA, Petitioner,
v.
Dominick SALFI, Etc., Respondent.
No. 84-141.
District Court of Appeal of Florida, Fifth District.
September 6, 1984.
Lewis R. Dowda, pro se.
Jim Smith, Atty. Gen., Tallahassee, and Mark C. Menser, Asst. Atty. Gen., Daytona Beach, for respondent.
PER CURIAM.
Dowda petitions this court for a writ of prohibition to prevent the assigned trial judge from acting on his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. Dowda's motion for disqualification of the trial judge, and the two accompanying affidavits, in essence allege that the trial judge should be disqualified because Dowda had brought a civil rights complaint against the judge in federal court and that while the civil rights complaint had been dismissed, an appeal of that dismissal was pending. We hold the reason given is legally insufficient to require the trial judge's disqualification and deny the petition.
A defendant in a criminal case cannot disqualify a trial judge by merely filing a civil law action against the judge. To hold otherwise would permit a defendant to decide and control who will be the judge in his own case by merely filing lawsuits against judges he does not prefer. He could thereby ultimately select the judge he does prefer by naming all other judges as parties defendants in baseless civil actions. However, the merit or lack of merit of the defendant's civil suit against the judge is immaterial. This is so because if the civil action has no merit the judge should not be disqualified and, if the civil action does have merit, then the basis for the civil action can then also be used as the substantive ground for disqualification under Florida Rule of Criminal Procedure 3.230. The mere filing of a lawsuit against the judge does not constitute a ground for disqualification. It is exclusively within the defendant's control to file the lawsuit which may be frivolous and may not even allege facts which are legally sufficient to disqualify under Rule 3.230. This tactic cannot be approved and made a successful *605 method to disqualify judges in criminal cases.
The petition for writ of prohibition is
DENIED.
DAUKSCH and COWART, JJ., concur.
SHARP, J., concurs in result only with opinion.
SHARP, Judge, concurring in result only.
In concur in the denial of the writ of prohibition in this case because Dowda failed to attach a copy of his civil action to his petition or to establish in any other way that the civil action has any merit. We must presume it was frivolous, and brought merely to obtain the disqualification of the trial judge under these circumstances. See Commonwealth v. Leventhal, 364 Mass. 718, 307 N.E.2d 839 (1974).
However, I disagree with the majority's approach that appears to foreclose a criminal defendant from seeking to disqualify a judge from hearing his criminal cause while the judge is in an adversarial position with the defendant in a pending civil lawsuit of substance. In such a case, the judge should disqualify himself.[1] The party seeking to disqualify a judge need only show a well grounded fear that he will not receive a fair trial at the hands of that judge. Livingston v. State, 441 So.2d 1083 (Fla. 1983). The on-going trial of a meritorious civil matter, when the judge and the defendant are antagonists, would indeed be sufficient in my view, to cast doubt on the ability of the judge to act impartially in the criminal matter. To preserve the appearance of fairness and impartiality which is essential to the administration of justice, the judge should disqualify himself or be disqualified by a higher court from acting. Fla.R.Crim.P. 3.230.
NOTES
[1] See U.S. v. Corrigan, 401 F. Supp. 795 (E.D. Wyo. 1975), reversed on other grounds, 548 F.2d 879 (10th Cir.1977); Eismann v. Miller, 101 Idaho 692, 619 P.2d 1145, 1149 (1980) ("ordinarily a member or members of this court engaged in legal action with a party appearing before this court in regard to another matter would voluntarily disqualify themselves."); cf. Muka v. New York State Bar Association, 120 Misc.2d 897, 466 N.Y.S.2d 891 (N.Y. Sup. Ct. 1983).