DELL, Judge.
Appellee filed a petition to modify the visitation and custody provisions of a final judgment of dissolution of marriage. Appellant moved to dismiss the petition for lack of jurisdiction over her and the parties’ minor children because she and the children relocated to Tennessee and resided there more than six months prior to the filing of appellee’s petition for modification. She claims that Tennessee has jurisdiction under the provisions of the Uniform Child Custody Jurisdiction Act, Section 61.1308, Florida Statutes (1985). Since this non-final appeal is from an order determining jurisdiction over the person, we have jurisdiction pursuant to Rule 9.130(a)(3)(C)(i), Florida Rules of Appellate Procedure.
The record shows that in February, 1986 appellant filed a petition in the state of Tennessee to enforce and modify the terms of the Florida final judgment of dissolution pertaining to visitation, child custody and support. Appellee claimed in his motion to dismiss that Tennessee lacked long-arm jurisdiction under the statute and lacked jurisdiction under the Uniform Child Custody Jurisdiction Act. The Tennessee court dismissed the action for lack of jurisdiction. Unfortunately, the Tennessee order does not reveal the basis on which the court dismissed the petition.
Appellee cites Cooper v. Hamilton, 688 S.W.2d 821 (Tenn.1985) and argues that the Tennessee court must have declined jurisdiction under the Uniform Child Custody Act. In Cooper the court said:
There can be no question but that the intention of the drafters of the Uniform Act was to give priority to the original rendering state, and not to other states, so long as at least one of the contestants to the original action remained in that state, and the state otherwise retained jurisdiction.
Id. at 825.
Appellant argues that Tennessee dismissed because of the lack of long-arm jurisdiction and not because of the provisions of the Uniform Child Custody Jurisdiction Act. She also claims that appellee, by his own representations in a 1984 petition, stated that his work requires him to spend the majority of the year in the state of Wisconsin and therefore none of the parties has a significant connection with the state of Florida. While this may have been true in the year 1984, the sparse record before us does not contain evidence that would divest jurisdiction from the state of Florida. O’Conner v. O’Conner, 447 So.2d 1034 (Fla. 4th DCA 1984). Therefore we affirm the trial court’s order.
AFFIRMED.
DOWNEY and ANSTEAD, JJ., concur.