508 So.2d 1339 (1987)
Melanie K. CRIPPEN, Appellant,
v.
Bernard Shirey CRIPPEN, Appellee.
No. 4-86-1251.
District Court of Appeal of Florida, Fourth District.
July 1, 1987.
Randy R. Freedman of Freedman & McClosky, Fort Lauderdale, for appellant.
Steven W. Effman, Sunrise, for appellee.
RIVKIND, LEONARD, Associate Judge.
This is an appeal by the former wife (appellant) from an order of the trial court which modified the final judgment of dissolution by changing custody of their children from her to her former husband (appellee) on the sole ground that she had frustrated his visitation rights in violation of court orders. We reverse.
The marriage was dissolved on April 15, 1982, with appellant being awarded custody of their two children. In September of 1985, appellant petitioned the trial court for permission to move with the children to New York. Before filing the petition, appellant had removed the children to New York in violation of the final judgment. The petition was subsequently approved.
A series of post-dissolution proceedings between the parties continued after the appellant had moved to New York. During that time the court issued three orders of contempt against appellant for her failure to permit visitation. On April 9, 1986, appellee, having failed in his efforts to obtain visitation, filed a petition for a change of custody. A copy of the petition and notice *1340 of hearing were served on appellant's Florida attorney. Though appellant did not appear personally at the hearing, she did so through counsel.
Appellee and his mother were the only persons to testify at the custody hearing. Appellee testified that despite repeated attempts, he had been denied any contact with the children. He further testified that he had sent two airline tickets to New York for the children to be used for a visit in March of 1986. The children deplaned at the first stop and returned home. Whether the children (ages 15 and 12) did this on their own or were prompted by appellant cannot be determined from the record.
Solely on the basis of this testimony, the court changed custody to appellee.
Appellant urges that the trial court erred in changing custody from her to appellee because it was not established that a change of custody would promote the best interest of the children. We agree.
In Shelley v. Shelley, 480 So.2d 166, 168 (Fla. 1st DCA 1985), the court stated:
"Whenever a noncustodial parent seeks to modify a prior custody award he shoulders the burden of proving:
A substantial or material change in the circumstances of the parties since the entry of the original custody order, and (2) that the welfare of the child will be promoted by a change in custody. Zediker v. Zediker, 444 So.2d 1034 (Fla. 1st DCA 1984). This is due to the fact that the original decree is considered res judicata as to all matters involved and known at the time it was rendered, including the fitness of the custodial parent and the best interest of the child. Belford v. Belford, 159 Fla. 547, 32 So.2d 312 (1947)."
This burden has been described as extraordinary. Zediker, at 1036.
The record, in the instant case, supports a finding that the mother has frustrated the father's visitation with their children. Nevertheless, petitioner has failed to show that wresting custody from the mother and placing it with the father would promote the best interest of the children. The trial court was understandably frustrated with the mother's apparent defiance of his court orders to permit visitation. Certainly, willfully depriving a non-custodial parent of visitation rights is a serious matter. It requires the court's prompt attention and is a factor to be considered in a custody dispute. It cannot, however, constitute the sole reason for a change of custody. The affront to the trial court's authority should be subordinated to the welfare of the children. We need not preserve the dignity of the court at the expense of the minor children. There must be evidence that the interest of the children will be promoted by a change of custody. "Changing the custody of a child is not a device to be used to obtain compliance with other court orders." Agudo v. Agudo, 411 So.2d 249, 251 n. 4 (Fla. 3d DCA 1982) (visitation dispute); Doran v. Doran, 212 So.2d 100 (Fla. 4th DCA 1968).
The Uniform Child Custody Jurisdiction Act (UCCJA) is applicable to both visitation and custody disputes. It encourages compliance with court orders by permitting sanctions against a parent who violates court orders pertaining to custody and visitation. It states in pertinent part:
"A person violating a custody decree of another state which makes it necessary to enforce the decree in this state may be required to pay necessary travel and other expenses, including attorney's fees, incurred by the party entitled to the custody or his witnesses." Fla. Stat. § 61.1332(2)(1985).
In the instant case the New York courts could have been used to enforce the Florida orders. As a practical matter, enforcement of the trial court's orders must be through the New York courts where the appellant and children now reside. We emphasize that a thwarting of visitation rights, standing alone, does not justify a change of custody.
We comment briefly on another point appellant has raised for the first time on appeal. The appellant has challenged the trial court's authority to assume jurisdiction under the UCCJA. New York was the "home state" at the time the petition was filed. Therefore, there is no jurisdiction under § 61.1308(1)(a). The parties do not *1341 contend and the record does not remotely suggest any emergency which would empower the trial court to take jurisdiction under § 61.1308(1)(c). Since no proceedings have been commenced in New York, the New York courts have not had an opportunity to determine whether they would decline jurisdiction. Therefore § 61.1308(1)(d) is inapplicable. If jurisdiction exists, it must be found in § 61.1308(1)(b) which provides:
"It is in the best interest of the child that a court of this state assume jurisdiction because:
1. The child and his parents, or the child and at least one contestant, have a significant connection with this state, and
2. There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;"
On remand, the court should consider all relevant facts and circumstances necessary to determine whether such jurisdiction does exist.[1]
Reversed and remanded for further proceedings consistent herewith.
HERSEY, C.J., and GUNTHER, J., concur.
NOTES
[1] See, e.g. Mondy v. Mondy, 428 So.2d 235 (Fla. 1983); Miller v. Miller, 506 So.2d 1084 (Fla. 4th DCA 1987); Genoe v. Genoe, 12 FLW 386 (Fla. 4th DCA Feb. 6, 1987); O'Connor v. O'Connor, 447 So.2d 1034 (Fla. 4th DCA 1984); Findley v. Findley, 441 So.2d 1166 (Fla. 2d DCA 1983); Brown v. Tan, 395 So.2d 1249 (Fla. 3d DCA 1981); Reeve v. Reeve, 391 So.2d 789 (Fla. 1st DCA 1980); Hegler v. Hegler, 383 So.2d 1134 (Fla. 5th DCA 1980); Hofer v. Agner, 373 So.2d 48 (Fla. 1st DCA 1979).