515 So.2d 374 (1987)
Gloria BREEDING, Appellant,
v.
Terry BREEDING, Appellee.
Nos. 87-0600, 87-1062, 87-1135.
District Court of Appeal of Florida, Fourth District.
November 12, 1987.
*375 Wayne R. McDonough, Vero Beach, for appellant.
Peter Jorgensen, Vero Beach, for appellee.
LETTS, Judge.
We find error in only two of the trial court's dispositions and conclusions in this troubling case. First of all, the former wife should not have been held in criminal contempt of court for failing to show up at the hearing which took place on March 20, 1987. Secondly, a change in primary physical residence cannot be imposed as punishment for contempt.
The former wife was given adequate notice of the March 20th hearing, held to determine why she had failed to obey the trial court's order commanding her to provide the address and whereabouts of the children. Nonetheless, it was error to hold her in criminal contempt when she failed to appear. Criminal contempt hearings are essentially mini criminal trials and the accused is entitled to all the available constitutional protections. As the court held in Bradley v. State, 420 So.2d 417 (Fla. 1st DCA 1982) the proper procedure to be followed, upon her failure to show, was to issue a warrant for her arrest and have her brought before the court.
The former wife should not regard this reversal as an exoneration of her behavior and we do not, by what we do now, intend any condonation of willful disobedience. After she appears in court and is heard from, we see no reason why the court cannot impose, if it is so inclined, the same sentence as before. At that time it can also revisit the question, if it is not moot, of requiring the former wife to pay for the children's return flight from Ohio as per the order of March 16, 1987.
In addition, the most recent order changed the physical residential custody of the children from the former wife to the former husband "as punishment ... until further order of the court." We voice no objection to a temporary alteration of residential custody while the former wife is in jail. After all, during the period that she is incarcerated she cannot care for the children. However, upon her release, a further hearing will have to be held on this issue, because the court cannot change residential custody purely as a method of punishment. There must be an accompanying change of circumstances. See Doran v. Doran, 212 So.2d 100 (Fla. 4th DCA 1968); Agudo v. Agudo, 411 So.2d 249 (Fla. 3d DCA 1982); Crippen v. Crippen, 508 So.2d 1339 (Fla. 4th DCA 1987).
AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
ANSTEAD, J., and OWEN, WILLIAM C., JR., Associate Judge (Retired), concur.