531 So.2d 226 (1988)
Carrie Diane GINDER, Appellant,
v.
Carl L. GINDER, Appellee.
No. 88-591.
District Court of Appeal of Florida, First District.
September 20, 1988.
*227 Larry L. Bryan, Jacksonville Beach, for appellant.
Harry B. Mahon, of Mahon, Farley & McCaulie, P.A., Jacksonville, for appellee.

ORDER IMPOSING SANCTIONS
PER CURIAM.
The marriage of these parties was dissolved in September, 1986. The order granted primary responsibility for and actual physical custody of the minor children to former wife, appellant. At the time, appellant and the children resided in Guantanamo Bay, Cuba, where she was employed with the federal government. The dissolution order also provided that appellant should not accept employment in any place other than Jacksonville after August, 1987, without approval of the court.
Appellant subsequently came to the conclusion that her continued employment prospects were quite good if she remained in Cuba but poor if she returned to Jacksonville. She petitioned the trial court for a modification of the final judgment requesting the court's permission to remain in Cuba for two additional years. Husband counterpetitioned and sought an order holding former wife in contempt and he also sought to modify the final judgment so as to obtain the primary residential responsibility for the children for himself. By order dated February 4, 1988, the trial court ruled on the issues pending before it. It found wife not to be in contempt for remaining in Cuba beyond the date given in the order of dissolution. It also permitted wife to remain with the children in Cuba until June 30, 1988. It provided that wife and children were to return to Jacksonville by July 1, 1988, to reside or the court would enter an order changing custody from appellant to her former husband. Former wife timely appealed.
On March 28, this court issued a standard order used in cases involving child custody, child support, placement and juvenile dependency and delinquency. This order advises the parties that the appeal will be given expedited treatment by the court and motions for extensions be granted only upon a showing of emergency. Counsel for appellant is directed to provide this court with the name of the court reporter, if any, responsible for the preparation of transcripts.
The court received no response to this order and on June 16 issued an order to appellant to show cause why sanctions should not be imposed for failure to timely serve the initial brief. Appellant responded by tendering an initial brief and explaining the delay was due, at least in part, to failure of the court reporter to timely prepare the transcript. Appellee responded with a motion to strike the initial brief for failure to comply with the appellate rules including the requirement that the brief contain adequate citations to the record. Appellee also moved to dismiss the appeal. These motions crossed in the mail with an order of this court that denied appellant's belated motion for extension because it failed to include a statement representing whether opposing counsel had objection as required by Rule 9.300(a).
Appellant responded to appellee's motions and this court's order, again explaining that the brief could not be prepared with record citations until the transcript was ready and representing that opposing counsel could not consent to an extension of time.
On August 5, 1988, this court entered the following order:
The court finds that the unacceptable delays in prosecution of this case are directly attributable to failure of counsel *228 for appellant and the court reporter to comply with the Florida Rules of Appellate Procedure and orders of this court.
Counsel for appellant shall provide a copy of the order of March 28 to the court reporter and the court reporter shall advise the court within 10 days of this date of the expected date of completion of the transcript.
The initial brief is stricken and appellant shall serve an amended brief that includes proper citations to the record on appeal within 10 days of delivery of the transcript. Because it is generally not the policy of this court to sanction the litigant for the omissions of counsel, the motion to dismiss is denied.
Counsel for appellant shall show cause within 10 days why sanctions should not be imposed against him personally for his handling of this appeal.
Counsel for appellant and the court reporter have both responded. It appears the designation to the court reporter was either never received or, if received, lost. Accordingly, the court reporter proposed to prepare the transcript in a matter of a few days and this court has now been advised that the transcript has been filed. Counsel for appellant has apologized to this court and advised that he is reconsidering his appellate practice due to the problems that have arisen in this case. An amended brief containing citations to the record has also been served.
Because of the failure of counsel for appellant to competently and promptly prosecute this appeal in accordance with the Florida Rules of Appellate Procedure, it is the court's view that the imposition of sanctions is warranted. Further, as Mr. Bryan previously has been warned, see Mitchell v. State, 433 So.2d 632 (Fla. 1st DCA 1983), we determine that sanctions beyond public reprimand are in order. Accordingly, we order that within 20 days of this order, Bryan shall pay counsel for appellee the sum of $250 to cover his expenses in seeking Bryan's compliance with the rules of appellate procedure. This sum is to be paid by Bryan personally and shall not be chargeable to his client. Additionally, a copy of this opinion will be furnished to the Florida Bar Grievance Committee for a determination as to whether a disciplinary proceeding is appropriate.
Finally, we take this opportunity to restate and reinforce this court's commitment to the expedited treatment of all appeals which affect the welfare of minors. As can be seen from the facts cited above, had counsel for appellant complied with this court's order of March 28 and verified that the court reporter was preparing the transcript, this court would likely have been able to make a disposition of the merits of this appeal prior to the July 1 deadline imposed by the circuit court. As no party has advised us to the contrary, we assume the deadline has been enforced and Ms. Ginder has been forced to choose between her employment and her children. This is exactly the type of result our procedures have been implemented to avoid and this opinion shall serve as notice to the practicing bar that delays such as have been experienced in this case will not be tolerated by the court.
BOOTH, ZEHMER and BARFIELD, JJ., concur.