536 So.2d 1155 (1988)
Carrie Dianne GINDER, Wife, Appellant,
v.
Carl L. GINDER, Husband, Appellee.
No. 88-591.
District Court of Appeal of Florida, First District.
December 28, 1988.
*1156 Larry L. Bryan, Jacksonville Beach, for appellant.
Harry B. Mahon, of Mahon, Farley & McCaulie, Jacksonville, for appellee.
PER CURIAM.
The former wife appeals an order which provided that she "shall reside in Jacksonville ... or the Court will enter its order changing custody" of the parties' children to the former husband. We vacate the pertinent portion of the order and remand to permit entry of a new order on the disputed issues.
The Ginders were divorced by final judgment rendered September 17, 1986. Primary residential responsibility for the couple's two children was placed with the former wife in Guantanamo Bay, Cuba, where the family had resided since 1985.[1] The judgment, however, enjoined her from "accepting or contracting for employment in any place other than Jacksonville, Florida, subsequent to August, 1987 without a prior order of this court." In May 1987 the former wife determined that if she were to return to Jacksonville she would have to take a pay decrease in her government service (GS) job. On the other hand, if she were to stay in Cuba she would remain at her current GS-9 pay level and as of April 19, 1989 she would be promoted to a GS-11 pay level. She signed a contract to stay in Cuba in June 1987.
On August 31, 1987 the former wife filed a motion to modify requesting that the court allow her to remain with the children in Cuba in light of these circumstances. The former husband filed motions for contempt and to modify; the former wife filed an answer; and a hearing was held.[2]
We begin by finding that the former husband failed to carry the required burden for implementing a custody change. "In Zediker v. Zediker, 444 So.2d 1034 (Fla. 1st DCA 1984), this court held that a noncustodial parent seeking to modify child custody carries the extraordinary burden of showing that changes occurring after the entry of the original custody decree represent a substantial change in circumstances and that the welfare of the children would be promoted by a change in custody." Ours v. Ours, 515 So.2d 281, 282 (Fla. 1st DCA 1987). The record is well short of establishing these criteria for a custody change.
By the February 4, 1988 order now appealed, the court extended through June 30, 1988, the former wife's "right to continue to reside in Cuba,"[3] and required that after that time "the former Wife shall reside in Jacksonville, Duval County, Florida, or the Court will enter its order changing custody of the minor children to the father."
A "court cannot change residential custody purely as a method of punishment." Breeding v. Breeding, 515 So.2d 374, 375 (Fla. 4th DCA 1987). "Changing the custody of a child is not a device to be used to obtain compliance with other court orders." *1157 Crippen v. Crippen, 508 So.2d 1339, 1340 (Fla. 4th DCA 1987) (quoting Agudo v. Agudo, 411 So.2d 249, 251 n. 4 (Fla. 3d DCA 1982). The February 1988 order mandates issuance of a change of custody order should the former wife fail to comply with the order's requirement that she return to Jacksonville with the children. We find that such a change of custody order would impose an impermissible punishment on the former wife.
In Breeding the court reversed a custody change based on the former wife's contempt, holding that the proper course in the event of contempt was an arrest and hearing. In Crippen the court reversed a custody change that was based on the mother's frustration of the father's visitation rights. In Agudo the court reversed the temporary custody change rendered for the reason that a visitation dispute between the parties could not be settled. Though somewhat different on the facts, we find that these cases compel vacation of the contingent custody change portion of the subject order.
The former husband argues that the order appealed merely presents the wife with a choice on how to comply with the original, final judgment, i.e., keep the job and stay in Cuba without the children or return to Jacksonville with the children. However, under the foregoing analysis, if the former wife opted for neither of these choices and elected to remain in Cuba with the children, the court was not free to issue a change of custody order without evidence that a substantial or material change in the circumstances of the parties has taken place and that the best interests of the children would be served by such a change. E.g., Crippen, 508 So.2d at 1340. No such changes are evident from the record. We therefore vacate that portion of the February 4, 1988 order that states: "or the Court will enter its order changing custody of the minor children to the father."
As to the requirement in the order that "[c]ommencing July 1, 1988, the former wife shall reside in Jacksonville," and extending through June 30, 1988, her "right to continue to reside in Cuba," the former wife asserts only that the court erred by not granting her motion to modify. Her assertion necessarily raises the issue of whether the court's requiring her to relocate to Jacksonville on July 1 was error, because her motion prays for permission to remain in Cuba with the children through August 1989 which permission the court did not grant. The court's affirmative requirement of relocation does not escape the former wife's premise of error just because it was not couched in terms of denial. The relocation requirement is, in effect, a denial of part of the motion to modify. The former wife appeals this denial.
Undoubtedly, the purpose of the relocation requirement was to ensure increased accessibility of the children to their father and vice-versa. Section 61.13(2)(b)1, Florida Statutes (1987), states in part: "It is the public policy of this state to assure that each minor child has frequent and continuing contact with both parents after the parents separate or the marriage of the parties is dissolved and to encourage parents to share the rights and responsibilities of child rearing." Section 61.13(4)(c)2 provides that "[w]hen a custodial parent refuses to honor a noncustodial parent's visitation rights without proper cause, the court may: Award the custody or primary residence to the noncustodial parent, upon the request of the noncustodial parent, if the award is in the best interests of the child." Section 61.13(3)(a) states that "[f]or purposes of shared parental responsibility and primary residence, the best interests of the child shall include an evaluation of all factors affecting the welfare and interests of the child, including, but not limited to: The parent who is more likely to allow the child frequent and continuing contact with the nonresidential parent." These statutes allow the courts wide latitude in fashioning dissolution judgments that best serve the interests of children.
The relocation requirement, however, clearly constituted a modification of the terms of the original judgment which provided only against new employment situs *1158 for appellant.[4] The present order reflects no factual basis for a conclusion that the residence provision, assuming without deciding it to be a permissible order, is essential to prevent impairment of the father's visitation rights as prescribed by the statute, supra. We therefore vacate the provisions for the former wife's residence change on July 1, 1988, and remand to permit additional evidence and findings as to appellee's proof of changed circumstances requiring new definition of the place and time for exercise of his visitation rights.
We also conclude that appellant adequately demonstrated need for her requested extension of time for change in employment, and appellee clearly failed to present rebuttal evidence. Again assuming without deciding the propriety of the original employment situs provision which is not before us, the present order reflects no consideration of changed economic and other interests of the children and appellant as custodial parent on which appellant's motion for extended time must be determined.
We reverse the challenged portions of the order and remand for further proceedings consistent herewith.
MILLS, SHIVERS and WENTWORTH, JJ., concur.
NOTES
[1] Appellant's statement of facts with respect to the residence in Cuba, not controverted by appellee's brief, is that "the Husband [apparently having U.S. Navy affiliation, either active or retired] urged the Wife to take the job in Cuba, and initially agreed to move there himself. He later decided to stay in Jacksonville with his girlfriend, and he brought the children to the Wife in Cuba."
[2] Disposition of this appeal has been delayed for reasons set forth in an earlier order imposing sanctions herein, Ginder v. Ginder, 531 So.2d 226 (Fla. 1st DCA 1988), which appropriately assumes that "the July 1 deadline imposed by the circuit court ... has been enforced and Ms. Ginder has been forced to choose between her employment and her children." 531 So.2d at 228. A companion appeal pending in this court, but not yet mature, challenges an order entered September 23, 1988, the notice reciting its nature as a "Final Order Changing Primary Residential Responsibility."
[3] The language of the order appealed inaccurately characterizes the terms of the dissolution judgment which does not refer to the wife's right "to continue to reside in Cuba" but instead enjoins her "accepting or contracting for employment in any place other than Jacksonville, Florida, including her present location, subsequent to August, 1987, without a prior order of this court."
[4] We note facts which patently distinguish the decision in Johnson v. Johnson, 455 So.2d 1332 (Fla. 4th DCA 1984), where the district court affirmed an order directing the former wife to return the parties' child to the state of Florida within 30 days. The court found that the final judgment provided for "shared parental responsibility as contemplated by Florida Statutes" under section 61.13(2)(b), Florida Statutes (1983). The court held that the former wife's actions, among which were her moving with the children to California, contravened the intent of the statute, and that the trial court's order constituted an enforcement of the custody and visitation provisions of the final judgment rather than a modification which would require the traditional showing of a substantial or material change of circumstances and a showing that the requested modification would be in the best interest of the child. E.g., Stricklin v. Stricklin, 383 So.2d 1183 (Fla. 5th DCA 1980).