WIGGINTON, Judge.
Appellant appeals an “Order Changing Primary Residential Responsibility” for the parties’ two sons from appellant to appel-lee. We reverse.
This Court has dealt with this case in two previous opinions. Ginder v. Ginder, 531 So.2d 226 (Fla. 1st DCA 1988) [Ginder I] and Ginder v. Ginder, 536 So.2d 1155 (Fla. 1st DCA 1988) [Ginder II], In Ginder II, this Court reversed the order upon which the instant order was based, recognizing that a “court cannot change residential custody purely as a method of punishment.” Breeding v. Breeding, 515 So.2d 374 (Fla. 4th DCA 1987). See also Crippen v. Crippen, 508 So.2d 1339 (Fla. 4th DCA 1987) and Agudo v. Agudo, 411 So.2d 249 (Fla. 3d DCA 1982). As this Court further determined,
... the court was not free to issue a change of custody order without evidence that a substantial or material change in the circumstances of the parties has taken place and that the best interests of the children would be served by such a change. E.g. Crippen ... (emphasis supplied).
See also section 61.13, Florida Statutes.
Therefore, based upon the history of the instant case and the rationale set forth in Ginder II, we reverse the order on appeal.
BOOTH and BARFIELD, JJ., concur.