PER CURIAM.
This is an appeal from a final judgment adjudicating the Luskins to be in indirect criminal contempt of court pursuant to rule 3.840, Florida Rules of Criminal Procedure. The appellants were ordered to show cause why they should not be held in contempt for deliberately violating the mandate of a judgment entered in the dissolution of their son’s marriage. In this proceeding, Joseph and Mildred Luskin had been named and served as parties. The trial court determined that the Luskins were concealing their whereabouts and therefore authorized service on their attorney. The appellants did not respond to the order to show cause, and the contempt judgment was entered despite their failure to appear.
Persons accused of criminal contempt are entitled to the same basic rights as those accused of violating criminal statutes. Aaron v. State, 284 So.2d 673, 675 (Fla.1973); Bradley v. State, 420 So.2d 417 (Fla. 1st DCA 1982). In Bradley, the trial court issued a show cause order as to why Bradley should not be held in contempt for failing to provide exemplars of his handwriting. A hearing was set, at which Bradley’s counsel appeared and advised the court that he had not seen nor heard from Bradley since a prior court appearance. The trial court ruled that Bradley waived *943 his right to be present by his absence, and over objection of counsel, proceeded with the criminal contempt hearing. The court found Bradley to be in indirect criminal contempt and issued an arrest warrant.
On appeal, the First District noted that there was no suggestion in rule 3.840(a)(4), Florida Rules of Criminal Procedure, that there could be contempt proceedings without the presence of the defendant. The court observed that the two exceptions set forth in rule 3.180(b) were not applicable. Under rule 3.180(b), a criminal trial can proceed in the defendant’s absence when: (a) a defendant has been removed because of his disruptive conduct; and (b) the voluntary absence of the defendant, without leave of court, when he was present at the commencement of trial. The court stated that “the issuance of an arrest warrant for failure to appear at the show cause hearing would have preserved both the dignity of the court and the basic constitutional rights of the defendant.” Id. at 418.
In Breeding v. Breeding, 515 So.2d 374 (Fla. 4th DCA 1987), the wife in a dissolution of marriage action failed to appear at a hearing. The hearing was held to determine why she had failed to obey the trial court’s order to provide the address and whereabouts of her children. The trial court held the wife in contempt of court when she failed to appear. This court ruled that the proper procedure to be followed upon the wife’s failure to show was for the lower court to issue a warrant for her arrest and have her brought before it. See also Hofeling v. Hofeling, 546 So.2d 1176 (Fla. 2d DCA 1989).
We conclude that it was error to proceed with the indirect criminal contempt hearing under these circumstances. Therefore the contempt judgment is reversed. Upon remand, the proceedings may continue under the rule after issuance of a warrant and the Luskins’ arrest or appearance.
DOWNEY, STONE and POLEN, JJ„ concur.