617 So.2d 360 (1993)
Sandra BEGENS, Appellant,
v.
Bradley F. BEGENS, Appellee.
No. 92-3664.
District Court of Appeal of Florida, Fourth District.
April 14, 1993.
*361 G. Ware Cornell, Jr. of G. Ware Cornell, P.A., Fort Lauderdale, for appellant.
No brief filed for appellee.
Jared G. Anton of Anton & Stanish, Hollywood, as guardian ad litem.
PER CURIAM.
We reverse the trial court's order modifying custody and visitation as it does not comport with due process.[1] Reasonable notice and an opportunity to be heard is required before the entry of a modification decree since there must be a showing of substantial change in circumstances for entry of the order. Connors v. Connors, 327 So.2d 877 (Fla. 2d DCA 1976). An opportunity to be heard includes the right to present evidence bearing on the issues. See Hart v. Hart, 458 So.2d 815 (Fla. 4th DCA 1984). Here the wife was not given any opportunity to present evidence on the matter of custody modification or changes in visitation.
It appears that the trial court's order changing custody from the mother to the father's brother and sisters was prompted by the wife's repeated frustration of court ordered visitation. However, custody cannot be changed purely as punishment for frustration of visitation rights in the absence of evidence of what is in the best interests of the children. We repeat what we said in Crippen v. Crippen, 508 So.2d 1339 (Fla. 4th DCA 1987):
The record, in the instant case, supports a finding that the mother has frustrated the father's visitation with their children. Nevertheless, petitioner has failed to show that wresting custody from the mother and placing it with the father would promote the best interest of the children. The trial court was understandably frustrated with the mother's apparent defiance of his court orders to permit visitation. Certainly, willfully depriving a noncustodial parent of visitation rights is a serious matter. It requires the court's prompt attention and is a factor to be considered in a custody dispute. It cannot, however, constitute the sole reason for a change of custody. The affront to the trial court's authority should be subordinated to the welfare of the children. We need not preserve the dignity of the court at the expense of the minor children. There must be evidence that the interest of the children will be promoted by a change of custody. `Changing a custody of a child is not a device to be used to obtain compliance with other court orders.' Agudo v. Agudo, 411 So.2d 249, 251 n. 4 (Fla. 3d DCA 1982) (visitation dispute); Doran v. Doran, 212 So.2d 100 (Fla. 4th DCA 1968).
508 So.2d at 1340.
Reversed and remanded for evidentiary hearing on modification of custody and visitation.
ANSTEAD, HERSEY and WARNER, JJ., concur.
NOTES
[1] Appellant has notified us that the trial court has now entered an order vacating the non-final order on appeal. While that action is consistent with our opinion, because the parties failed to seek a relinquishment of jurisdiction from this court, Soles v. Soles, 536 So.2d 367 (Fla. 1st DCA 1988), we choose to issue this opinion to avoid any jurisdictional challenge to the subsequently entered order.