632 So.2d 727 (1994)
Mary DE MAURO, Appellant,
v.
The STATE of Florida, Appellee.
No. 93-1223.
District Court of Appeal of Florida, Third District.
March 8, 1994.
*728 Mary De Mauro, in pro. per.
Robert A. Butterworth, Atty. Gen., and Daisy Y. Guell, Asst. Atty. Gen., for appellee.
Before HUBBART, NESBITT and COPE, JJ.
COPE, Judge.
Mary De Mauro appeals an order of incarceration pursuant to an adjudication of contempt. We reverse.
Mary De Mauro was divorced from Robert De Mauro in Monroe County in 1991. Subsequently the trial court changed custody of the children from the former wife to the former husband. The former wife did not deliver the children to the former husband as required by the court's order.
The former husband filed a motion for contempt. The trial court entered an order requiring the former wife to show cause why she should not be held in contempt for failing to comply with the order changing custody.
October 6, 1992 was the return date for the order to show cause. The former wife failed to appear. The trial court entered an order holding the former wife in contempt and sentenced her to 30 days' incarceration. The order provided that the former wife could "purge her contempt at any time by immediately releasing the children to the [former husband]." The order further directed the defendant to report for incarceration on October 16, 1992, unless she released the children to the former husband prior to that time.
On December 20, 1992 the former wife was arrested in Broward County with the children. All were returned to Monroe County.
On December 21, 1992 the former wife moved to vacate the prior contempt order and the 30-day sentence contained therein, on the ground that the children had been turned over to the father. Since the purge provision had been complied with, albeit unwillingly, the former wife contended that she was entitled to be released from any further incarceration pursuant to that order. The trial court heard argument from the former *729 wife's counsel and took a limited amount of evidence. The court then continued the matter and released the former wife pending further hearings.
After further proceedings not pertinent here, the trial court resumed proceedings on the motion to vacate on April 26, 1993. The trial court took the position that the former wife had been given only until October 16, 1992 to return the children to the husband. The court reasoned that since she had not returned the children by that date, she was not entitled to the benefit of the purge provision in the contempt order. Thus, in the trial court's view, the former wife remained subject to the requirement to be incarcerated for 30 days. The trial court ordered the former wife to be incarcerated forthwith, but set a further hearing to take place the next day, April 27. On April 27 the trial court suspended the remainder of the sentence. The former wife has appealed, contending that the trial court's April 26 incarceration order was entered in error.
In our view the former wife's position was correct. Incarceration should not have been imposed pursuant to the October 6, 1992 contempt order.
Florida law draws a sharp distinction between civil contempt and criminal contempt:
If the purpose of the proceedings is to coerce action or non-action by a party, the order of contempt is characterized as civil. This type contempt proceeding is ordinarily instituted by one of the parties to the litigation who seeks to coerce another party to perform or cease performing an act. The order of contempt is entered by the court for the private benefit of the offended party. Such orders, although imposing a jail sentence, classically provide for termination of the contemnor's sentence upon purging himself of the contempt... . Consequently, it is said that the contemnor "carries the key to his cell in his own pocket." ...
On the other hand, a criminal contempt proceeding is maintained solely and simply to vindicate the authority of the court or to punish otherwise for conduct offensive to the public in violation of an order of the court.
Pugliese v. Pugliese, 347 So.2d 422, 424 (Fla. 1977) (citations omitted). Because the criminal contempt proceeding "is punitive in nature, potential criminal contemnors are entitled to the same constitutional due process protections afforded criminal defendants in more typical criminal proceedings." Bowen v. Bowen, 471 So.2d 1274, 1277 (Fla. 1985).
The October 6, 1992 contempt order did not specify whether it was an order for civil contempt, rather than criminal contempt. However, it is clear that the order must be classified as one of civil contempt. The order required the return of the children and stated that the former wife "may purge her contempt at any time by immediately releasing the children to the [former husband]." The term of incarceration was imposed in order to coerce compliance, and not as a punishment. Once the children had been returned to the father, the purge provision had been satisfied and no further incarceration could be imposed pursuant to the October 6 order.
Even if there were some ambiguity in the October 6 order  and we find that there is none  there would be an insuperable procedural obstacle to considering the order as one which authorizes punishment for indirect criminal contempt. As Pugliese and Bowen indicate, criminal contempt is a criminal proceeding, the procedural standards for which are considerably more exacting than those for civil contempt. For an indirect criminal contempt, the requirements of Florida Rule of Criminal Procedure 3.840 must be followed. Pugliese v. Pugliese, 347 So.2d at 426; Benarroch v. Crawford, 516 So.2d 28, 29 (Fla. 3d DCA 1987).
In the present case the former wife did not appear at the show cause hearing on October 6, 1992. The trial court proceeded in her absence to enter the order of civil contempt. For a criminal contempt, however, the contempt adjudication may not be entered in absentia, with exceptions not applicable here. See Bradley v. State, 420 So.2d 417, 418 (Fla. 1st DCA 1982); Fla.R.Crim.P. 3.180. As stated in Breeding v. Breeding, 515 So.2d 374 (Fla. 4th DCA 1987):

*730 Nonetheless, it was error to hold her in criminal contempt when she failed to appear. Criminal contempt hearings are essentially mini criminal trials and the accused is entitled to all the available constitutional protections. As the court held in Bradley v. State, 420 So.2d 417 (Fla. 1st DCA 1982) the proper procedure to be followed, upon her failure to show, was to issue a warrant for her arrest and have her brought before the court.
515 So.2d at 375; accord In re Luskin, 552 So.2d 942, 943 (Fla. 4th DCA 1989); see also Fla.R.Crim.P. 3.840; State ex rel. Coody v. Muszynski, 404 So.2d 165, 167 (Fla. 5th DCA 1981); Deter v. Deter, 353 So.2d 614, 617-18 (Fla. 4th DCA 1977); cf. Mason v. Reiter, 531 So.2d 348, 349 (Fla. 3d DCA 1988) ("A notice of hearing on a motion for indirect [criminal] contempt must apprise an accused adequately so as to not frustrate the preparation of a defense."), review denied, 542 So.2d 989 (Fla. 1989).
The Florida Supreme Court has recognized that "[i]t is possible to convert civil contempt proceedings to criminal contempt proceedings after a hearing is commenced." Pugliese v. Pugliese, 347 So.2d at 426. However, this would require issuance of a new order to show cause in conformity with Rule 3.840, and strict observance of the requirements set forth in that rule. Id. at 426-27. Pugliese also recognizes that it is permissible to combine a civil contempt proceeding with one for indirect criminal contempt, but again, all requirements of Rule 3.840 must be observed. Id.
In sum, in the present case the October 6, 1992 order was one of civil contempt. Once the children had been returned to the father, the purge provision had been satisfied. At that point no further incarceration should have been imposed pursuant to that order.
This does not mean that the former wife was exempt from punishment for her disobedience of the earlier court orders and her concealment of the children. The problem here was one of procedure. Once the former wife was arrested, the trial court should have initiated a proceeding for indirect criminal contempt in accordance with Florida Rule of Criminal Procedure 3.840.
Although we reverse for the procedural reasons outlined above, we emphasize that we do not condone the former wife's disobedience of the trial court's custody order. The former wife took the children out of the school they were attending and concealed them for approximately three months. That was a substantial infraction.
The trial court's order is reversed insofar as it imposed any period of incarceration subsequent to the return of the children to the father.
Reversed.