PER CURIAM.
Appellant, the former husband, appeals an order holding him in indirect criminal contempt for failure to comply with an order of the trial court directing him to make certain alimony payments to his former wife. Appellant argues the trial judge erred in conducting the show cause hearing in his absence, contrary to the requirements of Fla. R.Crim. P. 3.840. We agree. Because criminal contempt proceedings are punitive in nature, alleged criminal contemnors are entitled to the same constitutional due process protections afforded other. criminal defendants. Gidden v. State, 613 So.2d 457 (Fla.1993). Accordingly, the court may not, ordinarily, enter an adjudication in absentia. Bradley v. State, 420 So.2d 417 (Fla. 1st DCA 1982). Though Fla. R.Crim. P. 3.180 provides for exceptions to this general rule, none are applicable here.
Here, it appears the trial judge’s purpose was not to punish appellant, but instead, to obtain appellant’s compliance with appellant’s support obligations to his former wife. The purge provision in the order allowed appellant to avoid incarceration by paying the purge amount, allowing appellant to carry the key to his cell door in his pocket. Pugliese v. Pugliese, 347 So.2d 422, 424 (Fla.1977). Accordingly, the trial judge could have proceeded in accordance with Fla. Fam. L.R.P. 12.615 for civil contempt.
Therefore, we REVERSE and REMAND to the trial court to re-conduct the contempt proceedings pursuant to either Fla. R.Crim. P. 3.840 or Fla. Fam. L.R.P. 12.615.
DAVIS, BROWNING and POLSTON, JJ., concur.