STEVENSON, J.
Appellant, George May, timely appeals the judgment of the Fifteenth Judicial Circuit holding him in contempt of court. In addition, May appeals an order denying his motion to disqualify the trial judge. We affirm in part and reverse in part.
The order denying disqualification
We affirm the order denying disqualification as the motion was legally insufficient. The fact that May filed a lawsuit in federal court against Judge Rapp is as a matter of law, in and of itself, a legally insufficient basis to grant a motion for disqualification. In Dowda v. Salfi, 455 So.2d 604 (Fla. 5th DCA 1984), the court held that a defendant in a criminal case cannot disqualify a trial judge merely by filing a civil action against the judge since to hold otherwise would permit a defendant to decide and control who will sit as judge in his case by filing lawsuits against judges he does not prefer:
[The defendant] could thereby ultimately select the judge he does prefer by naming all other judges as parties defendants in baseless civil actions. However, the merit or lack of merit of the defendant’s civil suit against the judge is immaterial. This is so because if the civil action has no merit the judge should not be disqualified and, if the civil action does have merit, then the basis for the civil action can then also be used as the substantive ground for disqualification under Florida Rule of Criminal Procedure 3.230. The mere filing of a lawsuit against the judge does not constitute a ground for disqualification.
Id. at 604. The other reasons stated in May’s motion for disqualification were legally insufficient as well.
The contempt order
Shortly before the contempt hearing commenced, May’s counsel received a copy of the court’s order denying the motion to disqualify, which had been entered the day before. Counsel told the trial judge that she had informed May the prior evening that since there had been no ruling on the motion for disqualification, he was not required to be present at the hearing on the order to show cause. A brief recess was taken so that May could be summoned to the courtroom. May was unable to appear and the trial court denied counsel’s request *207 for a continuance, ultimately finding May in. criminal contempt of court and ordering a jail sentence.
We reverse the judgment of criminal contempt because it was issued without May being present at the hearing. As the court stated in Tennyson v. Tennyson, 840 So.2d 377 (Fla. 1st DCA 2003):
Because criminal contempt proceedings are punitive in nature, alleged criminal contemnors are entitled to the same constitutional due process protections afforded other criminal defendants. Accordingly, the court may not, ordinarily, enter an adjudication in absentia. Though [Florida Rule of Criminal Procedure] 3.180 provides for exceptions to this general rule, none are applicable here.
Id. at 378 (citations omitted).
The fact that May received notice of the hearing, but still failed to appear, does not change the analysis as to whether his presence was required. For instance, in Bradley v. State, 420 So.2d 417 (Fla. 1st DCA 1982), in the presence of the State, Bradley and his counsel, the court issued a verbal order to show cause as to why Bradley should not be held in contempt for failing to provide handwriting exemplars. See id. at 417. A written order to show cause was subsequently issued and a hearing set. Bradley failed to attend the hearing and his counsel advised the court that she had not seen or heard from Bradley. The trial court proceeded with the contempt hearing over defense objection. See id.
On appeal, the court held that the trial court erred in finding that Bradley had “waived his right to be present by his absence.” Id. The court reasoned that Florida Rule of Criminal Procedure 3.840 entitled the defendant, among other things, to testify in his own defense and to present evidence of mitigating circumstances. See id., at 418.
There is no suggestion in the rule that proceedings may be had without the presence of the defendant. Rule 3.180(b) provides two exceptions whereby a criminal trial may proceed with the defendant absent: first, where the defendant is present at the beginning of the trial but thereafter voluntarily absents himself without leave of court; or, second, where the defendant is removed from the presence of the court because of his disruptive conduct.
Id. While the court recognized the disruption to orderly judicial administration caused by a defendant’s failure to appear for a contempt hearing after due notice, the court noted that the “issuance of an arrest warrant for failure to appear at the show cause hearing would have preserved both the dignity of the court and the basic constitutional rights of the defendant.” Id.
Likewise, in the instant case, none of the exceptions for proceeding in absentia were present.[1] Accordingly, we reverse the judgment of contempt and remand for further proceedings.
AFFIRMED in part, REVERSED in part and REMANDED.
WARNER and GROSS, JJ„ concur.

. The folly of counsel’s advice to May not to attend the show-cause hearing is evident. The hearing was duly noticed, and it was not only possible, but probable, that the experienced trial judge would have ruled on the motion to disqualify prior to commencing the hearing, as a judge cannot act in a case until an outstanding motion to disqualify has been ruled upon. See § 38.10, Fla. Stat. (2003). The attorney's erroneous advice needlessly disrupted the court.