PER CURIAM.
The father appeals a final judgment regarding timesharing and parental responsibility. We find that the trial court erred in modifying parental responsibility, denying the father an opportunity to be heard, imposing an improper sanction, and denying the father timesharing on any major holiday.
In 2008, a New Jersey court ordered the father to have legal and residential custody of the parties’ minor child. Although the court ordered the parties to provide a supplemental order regarding visitation, the parties never did because they were unable to agree. The father moved to Florida, and the mother moved to Oklahoma.
In 2009, the Broward County Circuit Court domesticated the New Jersey order. The Florida court ordered the parties to “agree on a timesharing schedule for the Mother and the minor child that reflects *1100 the same schedule that the Father had with the minor child when he [the child] resided with the Mother.” The court reserved jurisdiction to order a timesharing and holiday schedule in the event the parties were unable to agree.
The mother invoked the court’s jurisdiction by filing a petition for enforcement and/or modification of timesharing and parental responsibility. After a hearing, the court ordered the parents to exercise shared parental responsibility. While the father would continue to have majority timesharing, the court ordered that the majority timesharing would automatically transfer to the mother if the father did not substantially comply with the principles of shared parental responsibility and the timesharing schedule. Finally, the court ordered that the mother have the child for the duration of all school holidays, i.e., Martin Luther King Day, President’s Day, spring break, Memorial Day, the majority of summer vacation, Labor Day, Thanksgiving, Veteran’s Day, and Christmas break. From this order, the father appeals.
The father claims the trial court erred in modifying parental responsibility and timesharing where there was no substantial change in circumstances. We reject the father’s claim that the Florida order constituted a modification of time-sharing. Because the New Jersey order never established a timesharing schedule, the Florida order did not constitute a modification. However, we agree that the trial court erred in modifying parental responsibility from the father having “legal custody,” which is the Florida equivalent of sole parental responsibility, to the parents having shared parental responsibility without considering whether a substantial change in circumstances occurred. See § 61.13(2)(c), (3), Fla. Stat. (2010).
The father argues that the trial court denied him due process by pronouncing its ruling before he had an opportunity to present evidence on his behalf. The record reveals that the trial court pronounced its ruling after hearing sworn testimony only from the mother. While the father was present at the hearing, he was not afforded a similar opportunity to present sworn testimony and thus was deprived of due process. See Minakan v. Husted, 27 So.3d 695, 698-99 (Fla. 4th DCA 2010) (holding the trial court violated the wife’s due process rights by taking testimony from the husband but not allowing her to testify and present evidence); Begens v. Begens, 617 So.2d 360, 361 (Fla. 4th DCA 1993).
The father also challenges the provision requiring an automatic transfer of majority timesharing to the mother if he does not substantially comply with the parental responsibility and timesharing provisions of the order. “[C]ustody cannot be changed purely as punishment for frustration of visitation rights in the absence of evidence of what is in the best interests of the children.” Begens, 617 So.2d at 361. “Changing ... custody of a child is not a device to be used to obtain compliance with other court orders.” Id. (quoting Crippen v. Crippen, 508 So.2d 1339, 1340 (Fla. 4th DCA 1987)). An automatic penalty provision “may, in the absence of a finding that such a change is in the best interest of the children, penalize the children for the parent’s contumacious conduct.” Chapman v. Prevatt, 845 So.2d 976, 983 (Fla. 4th DCA 2003) (citation omitted). As such, the automatic time-sharing transfer provision constituted an impermissible sanction.
Finally, the father argues that the trial court abused its discretion in denying him timesharing on any major holiday and suggests that holidays should be shared on *1101 a rotating schedule. “[W]here visitation is ordered, the non-custodial parent’s right to the child on rotating holidays has become so routine and necessary that to deny it requires factual findings justifying that decision.” Todd v. Guillaume-Todd, 972 So.2d 1008, 1006 (Fla. 4th DCA 2008). The trial court imposed the timesharing schedule that it did because it found that the father exercised timesharing on all holidays when the child resided with the mother. Although the father denied exercising visitation on a schedule like that, he was not afforded an opportunity to present sworn testimony on his behalf. Additionally, comments made during the hearing indicate that such timesharing may have occurred while both parties were still residing in the same state.
In sum, we reverse and remand for the trial court to hold a hearing during which the father is to be afforded an opportunity to present evidence on his behalf. On remand, the trial court should consider whether there is a substantial change in circumstances justifying modification of parental responsibility, and the court should revisit the timesharing schedule as it pertains to holidays. The court shall omit from its new order any automatic penalty provision with respect to timeshar-ing.

Reversed and remanded.

POLEN, GROSS and LEVINE, JJ., concur.