479 So.2d 269 (1985)
Suzanne F. HOOD, Appellant,
v.
Richard L. HOOD, Appellee.
No. BI-284.
District Court of Appeal of Florida, First District.
December 5, 1985.
*270 Elaine N. Duggar and Judith A. Loucks of Gardner, Shelfer & Duggar, Tallahassee, for appellant.
Anthony L. Bajoczky of Barrett & Bajoczky, Tallahassee, for appellee.
SMITH, Judge.
The issue in this case is whether the trial court erred in ordering the removal of a minor child of the parties from the primary physical custody of appellant to appellee. We reverse and remand with directions.
Appellant was awarded primary custody of the minor child involved in this appeal, Andrew, pursuant to a stipulated settlement agreement incorporated by reference into a final judgment of dissolution entered March 4, 1980. Subsequently, Andrew manifested certain academic difficulties which prevented him from performing up to his predicted level of ability. As a result, the parties entered into an informal agreement modifying Andrew's place of residence during the 1984-1985 school year. The agreement provided that Andrew would begin attending a public school in Chattahoochee. Under the agreement, Andrew would reside with appellee during the school week, returning to appellant on weekends. The arrangement was to discontinue during the "summer vacation" period of 1985, with the parties' previous arrangement to begin anew (under the 1980 separation agreement, Andrew resided with his mother on week days, and his father on weekends).
In August 1985, the parties exchanged a series of letters concerning Andrew's 1985-1986 schooling. On August 3, 1985, appellant wrote a letter to appellee which, among other things, indicated appellant's agreement with appellee that Andrew should continue to attend Chattahoochee Elementary School, at least through the 1985-1986 school year. This letter also made certain requests for additional child support payments, covering both Andrew and their other minor child, Edward. Appellee responded with a letter dated August 20, 1985, which indicated appellee's desire that Andrew continue to attend school in Chattahoochee, and hence reside with appellee, but which rejected appellant's request for increased child support payments. Subsequently, on August 23, 1985, appellant visited the faculty at Robert F. Munroe School, where Andrew had *271 attended school while residing with appellant, and discussed Andrew's academic needs with certain members of that school's faculty. After receiving assurances that Andrew would receive special tutoring in mathematics, as well as permission to allow Andrew to take second grade math, appellant informed appellee that she was enrolling Andrew at Robert F. Munroe instead of allowing him to return to Chattahoochee Elementary School.
Appellee responded by filing a motion for temporary relief on August 27, 1985, which requested enforcement of the parties' purported agreement modifying the residence of Andrew for the 1985-1986 school year. Appellant received notice of a hearing on appellee's motion on August 28, 1985; the hearing was held August 30, 1985. At the hearing, both appellant and appellee testified regarding their understanding of the nature of their agreement. Also introduced into evidence were the various letters exchanged by the parties, as well as a copy of a report prepared by Dr. Robert Morris of Atlanta, Georgia, concerning the source of Andrew's academic problems.
By order dated September 3, 1985, the trial court found that the parties' 1984 agreement to modify Andrew's residence during the school year was intended by the parties to apply to the 1985-1986 school year. The trial court characterized appellant's attempts to discern the presence or absence of "special programs" available for Andrew at Robert F. Munroe as "an eleventh-hour rationale" meant to support her decision to rescind the parties' "agreement." While the trial court specifically found that it would be in Andrew's best educational interest to continue to attend public school at Chattahoochee, and hence reside with appellee during the school year, the court found that the evidence failed to disclose a substantial change in circumstances which would warrant modifying custody from appellant to appellee.[1] The order states the further finding:
It is in the best interest of Andrew that the parties follow through with their previous agreement and permit him to attend third grade at the school he attended last year. While he will necessarily reside with his Father during the school year, primary custody will remain with the Mother.
We find, based upon both an examination of the record as well as the trial court's factual recitals in his order, that the trial court gave undue consideration to the enforcement of so-called "rights" between the parties acquired by way of an out-of-court agreement. Although the trial court's order purports merely to enforce the agreement between the parties temporarily changing Andrew's primary residence, the functional effect of an order changing a minor child's residence in this fashion is to change the child's primary custodial parent. See, Agudo v. Agudo, 411 So.2d 249 (Fla. 3d DCA 1982), pet. for rev. den., 418 So.2d 1278 (Fla. 1982). In such circumstances, the trial court is required to examine the agreement under the standards governing a petition for modification of child custody: that is, the court must find that the petitioning parent has proven both that substantial and material changes in the parents' circumstances have occurred subsequent to the parents' dissolution, and that a change in custody would promote the minor child's best interests. See, e.g., Zediker v. Zediker, 444 So.2d 1034, 1038 (Fla. 1st DCA 1984). Here, the trial court specifically found that appellee had not shown a substantial change in circumstances justifying a modification of Andrew's custody from appellant to appellee. That being so, the trial court had no basis upon which to grant appellee's motion for temporary relief which, as previously noted, had the effect of changing Andrew's primary custodial parent from appellant to appellee. Agudo, supra. We think it hardly subject to dispute that placing a *272 child with the primary custodial parent during the summer vacation and with the noncustodial parent during the school year is the classic reverse of the arrangement usually ordered by the courts.
While we agree that a trial court may properly consider the parents' efforts to achieve mutually agreeable solutions to a child's educational problems through modified living arrangements between the parents and the minor child, such arrangements, standing alone and without explicit consideration of the necessity for showing a substantial change in circumstances, as well as the child's best interests, can hardly be considered a basis upon which to order a change in the primary custodial parent. In fact, to affirm the trial court's order in this case would tend to discourage parents from cooperating with each other in an attempt to effectuate temporary changes in the child's living arrangements which impact upon the child's changing educational, and other, needs. The law should endeavor to promote such cooperation, rather than sanction use of the act of cooperation as a basis upon which to order a change in custody of the child from one parent to the other. Cf., Holland v. Holland, 458 So.2d 81 (Fla. 5th DCA 1984) (trial court not required to follow an out-of-court agreement between parents concerning custody, child support, etc., not in child's best interest).
Accordingly, we reverse the order appealed changing Andrew's residence from appellant to appellee, and remand for further proceedings consistent with this opinion. Pursuant to our reversal, we reinstate appellant as the primary custodial parent of Andrew Hood pending full consideration by the trial court of the petition for modification of custody.[2]
REVERSED and REMANDED.
ERVIN and NIMMONS, JJ., concur.
NOTES
[1] The trial court noted that no pleading denominated "petition for modification of custody" of Andrew was before him at the time of the hearing below. Appellee asserts in his brief, and appellant does not dispute this assertion in her reply brief, that a formal petition for modification of Andrew's custody from appellant to appellee has since been filed.
[2] See footnote 1, supra. Since we do not have the pending petition for modification before us, we do not know what facts in addition to those already presented to the trial court may have been alleged, or what additional circumstances might be proven at the plenary hearing on that petition.