PER CURIAM.
This appeal concerns an order dividing personal property and assessing storage costs and attorney’s fees.
Appellant filed a motion to divide the personal property of the parties pursuant to the following provision of the parties’ property settlement agreement:
With regard to the furniture and fixtures in the abovesaid home, the parties agree that each party shall retain 50% of the furniture in the home but that, pending sale of the home, the furniture shall remain within the home. At such time as the house is sold, the parties shall amicably divide the personal property in the home and, in the event they cannot agree on such division, then either party may apply to a court of competent jurisdiction for a resolution of the furniture distribution.
Prior to the hearing on the motion to divide the property, appellant deposed his former wife and daughter purportedly to trace ownership of the properties acquired during the marriage. Appellant acted as his own counsel in taking the deposition. Counsel for appellee made relevancy objections and at one point instructed her not to answer a question. Appellant terminated the deposition, even though his former wife’s lawyer asked him to continue and to concentrate on matters relevant to the division of the parties’ tangible personal property. At this point, appellant ceased representing himself and retained counsel.
At the commencement of the hearing on the motion to divide the property, appellant’s counsel moved to continue the hearing on grounds that counsel had not had an opportunity to properly depose the wife and that appellant, a county judge, was presiding over a three day jury trial. The court denied appellant’s motion to continue and went forward with the hearing. Ap-pellee presented the only testimony at the hearing. She testified that she and appellant began dividing the furniture when he started arguing over who would get the dining room set. Appellant left, telling his wife that the court would have to divide the property. Appellee had to vacate the house shortly thereafter, so she divided the property. She made lists which itemized jointly owned property, gifts to her personally, and the property she believed belonged to her husband. She placed her *1150 husband s property m storage and paid moving costs and three months’ storage fees for this property. The trial court issued an order dividing the property in accordance with appellee’s lists.
Appellee also testified that she paid her attorney $500 as partial payment for his services in this matter. Her attorney’s statement of services showed that he had spent 8.5 hours related to appellant’s motion to divide the property. A competent expert witness testified that the reasonable value of appellee’s attorney’s services ranged between $100 and $150 per hour. The trial court awarded the appellee fees in the amount of $1,000.
Appellant raises four points on appeal, none of which merits reversal. He first contends the trial court abused its discretion in denying his motion for a continuance. Appellant deposed appellee on October 7, 1985. He voluntarily terminated the deposition and then waited until November 14, 1985, the day before the hearing on his motion to divide the personal property, to file a motion to compel his former wife to appear for a second deposition. He asserted the trial court’s denial of this motion and his unavailability due to a three-day jury trial as the basis for the motion for a continuance. The record shows that this was the third time appellant’s motion to divide the personal property had been scheduled for hearing; the notice of the hearing was served on October 15, 1985 giving him ample time to have a hearing on his motion to compel the retaking of appellee’s deposition; appellant served his daughter with a subpoena only a few days before the date set for the hearing compelling her appearance at the hearing; and appellant had adequate notice to arrange his schedule so as to permit his participation at the hearing. The record satisfies us that the trial judge demonstrated extreme patience in this matter and did not abuse his discretion by refusing to continue the hearing.
Next, appellant argues that the trial court erred when it distributed the property by following the lists prepared by the wife. Appellant complains on appeal that the court refused to consider the seventy-five page deposition of his daughter which traced the ownership of much of the disputed property. However, appellant did not make the requisite showing for the admission of the deposition pursuant to Florida Rule of Civil Procedure 1.330(a)(3), and appellant’s counsel could have called the daughter as a witness. Appellant cannot now complain that appellee's testimony remained uncontradicted since appellant’s actions alone prevented his attendance at the hearing and the presentation of additional evidence. The unrebutted evidence supports the trial court’s distribution of the property and we therefore find no error on this point.
Appellant’s third point concerns attorney’s fees. Appellee’s time records demonstrated 8.5 hours. The expert witness on attorney’s fees testified that a reasonable rate for this attorney’s services would range between $100 and $150 per hour. Therefore we find no abuse of discretion in the trial court’s award of $1,000, and the relative disparity of incomes between the parties supports the award of fees in favor of the wife.
Finally, appellant accuses the trial judge of conducting a biased hearing. We find absolutely no merit in this point. Accordingly we affirm the judgment of the trial court in all respects. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
AFFIRMED.
ANSTEAD, DELL and GUNTHER, JJ., concur.