491 So.2d 1265 (1986)
Alfred J. SKAF, Appellant,
v.
Gloria S. SKAF, Appellee.
No. 4-86-0460.
District Court of Appeal of Florida, Fourth District.
July 30, 1986.
*1266 Richard A. Sherman of Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, for appellant.
John W. Hewitt of Hewitt & Hewitt, P.A., Palm Beach Gardens, for appellee.
PER CURIAM.
Alfred Skaf, the "former husband," appeals from two non-final orders entered by the trial court after the court entered a final judgment of dissolution. The former husband appeals from the trial court's order dividing the couple's marital property and from the trial court's subsequent order denying the former husband's motion for a rehearing on the same issue. We affirm.
We have no jurisdiction to entertain the former husband's appeal from the trial court's post-dissolution order denying his motion for a rehearing. Florida Rule of Appellate Procedure 9.130(a) specifies which non-final orders may be appealed. Florida Rule of Appellate Procedure 9.130(a)(4) states, in part:
(4) Non-final orders entered after final order on motions which suspend rendition are not reviewable. .. .
Further, Florida Rule of Appellate Procedure 9.020(g) states, in part:
Where there has been filed in the lower court an authorized and timely motion for ... rehearing .. . the order shall not be deemed rendered until disposition thereof.
(Emphasis supplied.) In the present case, this court has no jurisdiction to review the trial court's non-final order denying the husband's motion for rehearing because Florida Rule of Appellate Procedure 9.130(a)(4) bans review of orders denying motions for rehearing because these motions suspend rendition.
Skaf's appeal from the trial court's order dividing the couple's marital property cannot be sustained because of the doctrine of the law of the case. Under this doctrine, a previous ruling of an appellate court on an issue actually considered and decided upon in an earlier appeal in the same action continues to be the law of the case, whether correct in principle or not, so long as the facts which the court relied on remain the same. See McGregor v. Provident Trust Co. of Philadelphia, 119 Fla. 718, 162 So. 323 (1935); 3 Fla.Jur.2d Appellate Review § 444, at 566-567. A court may only reconsider a prior settled ruling in exceptional circumstances where reliance on the previous decision would result in manifest injustice. Preston v. State, 444 So.2d 939, 942 (Fla. 1984).
In the present action, the former husband argues that the trial court erred by ruling on the husband's motion to divide the marital property without considering the evidence presented by the husband. In Skaf v. Skaf, 487 So.2d 1148 (Fla. 4th DCA 1986) ("Skaf I"), a previous appeal in this case, the former husband appealed from the same motion to divide personal property at issue in this appeal. This court rejected his argument that the trial court erroneously distributed the property stating that "the unrebutted evidence supports the trial court's distribution of the property and we therefore find no error on this point." Skaf I, 487 So.2d at 1150. Therefore, since this court has previously addressed the husband's contention in a previous appeal, the husband is precluded by the law of the case doctrine from relitigating this issue.
Secondly, the husband alleges that the court erred where it awarded attorney's fees in favor of the wife because the court failed to consider the court file containing the parties' agreement as to fees and it failed to require a showing of the wife's need for fees. In Skaf I, this court specifically rejected the husband's claim to attorney's fees stating "we find no abuse of discretion in the trial court's award of $1,000 (fees), and the relative disparity of incomes between the parties supports the *1267 award of fees in favor of the wife." Skaf I, 487 So.2d at 1150. Therefore, the law of the case doctrine similarly precludes relitigation of the attorney's fees issue. We find no reason to depart from our earlier decision on these two issues. Our application here of the doctrine of the law of the case furthers the doctrine's underlying public policies of limiting the reconsideration of prior judicial decisions and of bringing litigation to an end.
AFFIRMED.
DELL, WALDEN and GUNTHER, JJ., concur.