SHIVERS, Chief Judge.
The former wife appeals an order which modifies the custody provision of the parties’ dissolution judgment.[1] We reverse.
The dissolution judgment awarded custody of the parties’ two minor children to the former wife and the former husband was awarded visitation.
In October 1988, the former husband filed a motion for enforcement and modification of the dissolution judgment asserting that the former wife had changed her residence on at least two occasions and had completely frustrated his visitation rights. The motion certified that a copy was sent, certified mail, return receipt requested, to Ms. Dianne Drisko Dummick (sic) at an address in Woodbury, Minnesota, on October 28, 1988.
He set the motion for hearing and on December 14, 1988 he sent the former wife a notice of hearing which certified that it was furnished by certified mail, return receipt requested, to the same name and address, and also to her at an address in Inver Grove Heights, Minnesota. The notice set the hearing for January 9, 1989.
On December 23, 1988, the former husband amended his motion and on that day sent a copy of it along with an amended notice of hearing to both addresses. The amended notice of hearing set the same January 9 hearing date as set in the original notice of hearing. In his amended motion the former husband realleged the visitation frustration and added allegations that the former wife has not maintained a stable residence and that there has been a material and substantial change of circumstances detrimental to the best interests of *273 the children. The amended motion also alleged that the former wife has failed to advise the former husband of her actual residential address. The amended motion prays for modification of the dissolution judgment to either designate the former husband the primary residential custodian of the children, or to enforce the visitation provision.
It is undisputed that the former wife sent three letters to the clerk of court essentially notifying the clerk of her change of address and her new marital status. The last of these letters was filed in the clerk’s office October 10, 1988. All three letters indicate her new address as being the one the former husband sent his notice and pleadings to in Woodbury, Minnesota.
A hearing was held January 9, 1989 apparently without the presence of the former wife or anyone in her behalf. The court modified the dissolution judgment to award primary residential custody of the two minor children to the former husband with visitation rights to the former wife. The court found that the former wife was provided adequate notice and it enumerated a number of facts, apparently supplied by the former husband, in support of changing custody. A copy of the court’s order was sent to the former wife in Woodbury, Minnesota and she filed a motion for rehearing which was denied. On appeal she asserts that she received only the original motion for modification which prayed that visitation be enforced and not the amended motion which added a prayer for change of custody.
Section 61.1312, Pla.Stat. (1987) provides that notice of hearing to persons outside the state may be by mail addressed to the person to be served, return receipt requested, and mailed at least 20 days before hearing. The first notice of hearing was sent December 14, 1988 and it set the hearing date at January 9, 1989. Under Florida Rule of Civil Procedure 1.090(e) five days must be added to the 20-day period for notice required by the statute because service of the notice is permitted by mail. The hearing was twenty-six days after the mailing of the notice thus the first notice was timely.
The former husband was free to amend his pleadings as a matter of course because no responsive pleading was served in this case. Florida Rule of Civil Procedure 1.190(a). Under Rule 1.190(c), when the claim asserted in the amended pleading arose out of the conduct set forth in the original pleading, the amendment shall relate back to the date of the original pleading. The former husband’s original modification motion sought enforcement and modification of visitation based on the allegations that the former wife moved and otherwise frustrated visitation attempts. However, the amended motion for modification made the same allegation and prayer and, in addition, prayed that he be designated the primary residential custodian of the children due to a material and substantial change of circumstances. This additional claim leveled in the amended motion could not have arisen out of the conduct which formed the basis for the original motion. Frustration of visitation rights alone does not constitute a material change in circumstances justifying a change of custody. Crippen v. Crippen, 508 So.2d 1339 (Fla. 4th DCA 1987). Thus the amended motion, insofar as it prays for a custody change, does not relate back to the original motion. As a result, the trial court was not free to consider the custody issue unless the amended motion and notice were served in compliance with the rules.
This rationale was applied in Lentz v. Lentz, 414 So.2d 292 (Fla. 2d DCA 1982) where the district court reversed the trial court’s extension of summer visitation because the motion for modification requested only that the court establish specific dates for the regular three-week summer visitation and there was no notice that the trial court would consider extending the visitation period. Similarly, in Conners v. Conners, 327 So.2d 877 (Fla. 2d DCA 1976) the former husband and wife stipulated to a hearing on the issue of the former husband’s request to temporarily remove the parties’ child from the state. The trial court, nevertheless, settled the issue of permanent custody. The district court reversed stating that the basic elements of due process in any judicial proceeding require notice and opportunity to be heard *274 and these requirements are particularly poignant in considering a motion to modify a custody award because the movant must show a substantial change in circumstances to support a change.
Further, the out-of-state notice provision of section 61.1312 is “[njotice required for the exercise of jurisdiction over a person outside this state_” On a motion for modification of a dissolution judgment, the action from which the exercise of that jurisdiction arose must proceed in the same manner and time as though the motion for modification was “the initial pleading in the action, including the issuance of any needed process.” Rule 1.110(h); Small v. Small, 313 So.2d 749 (Fla.1975). Appropriate process requires that, along with the service of process, an initial pleading must be delivered. Rule 1.070(f). Thus “notice” of a hearing on a modification motion entails the right to be apprised of the issues the movant intends to argue.
In sum, the first notice of hearing and accompanying motion, though sent within the 20-day statutory period, inclusive of the additional 5-day mailing time, did not apprise the former wife that there would be a hearing on the custody issue. And, because the allegations related to the custody issue contained in the amended motion did not arise out of the conduct set forth in the original motion, the amended motion did not relate back to the date of the original motion. Therefore, regardless of whether the former wife received the original motion and notice, the receipt of those documents did not, alone, provide her due process where the court heard a custody modification claim not contained in those documents. The amended notice of hearing and the amended motion for modification were mailed December 23, 1988 and were far too late themselves to comply with the statutory notice requirement.
REVERSED.
WENTWORTH and WIGGINTON, JJ., concur.

. The former wife actually appealed the order denying her motion for rehearing. That order is not reviewable. Fla.R.App.P. 9.130(a)(4); Skaf v. Skaf, 491 So.2d 1265 (Fla. 4th DCA 1986). However, her motion for rehearing was timely filed and thus rendition of the modification order was suspended until disposition of the motion for rehearing. Fla.R.App.P. 9.020(g). Her appeal was filed within 30 days of the filing of the order denying her motion for rehearing and thus we consider this appeal as appropriately taken from the order modifying custody.