558 So.2d 149 (1990)
Stacy SHERMAN, Appellant,
v.
Robert SHERMAN, Appellee.
No. 89-1918.
District Court of Appeal of Florida, Third District.
March 13, 1990.
*150 Greene and Greene, and Cynthia L. Greene, Miami, for appellant.
Mark A. Cullen, West Palm Beach, for appellee.
Before BARKDULL, FERGUSON and JORGENSON, JJ.
PER CURIAM.
This appeal challenges a final order transferring residential custody of a minor child from a mother residing in California to the father who resides in Florida.
The judgment dissolving the parties' marriage awarded custody of the infant child to the mother, the appellant Stacy Sherman, and prohibited her from moving out of the jurisdiction without permission of the court. The final judgment also required the father, Robert Sherman, to pay Stacy $80 per week for child support. Stacy's meager earnings of $200 per week along with Robert's frequent delinquency in making child-support payments allegedly created constant financial difficulties for Stacy.
Subsequently, Stacy married a successful businessman who accepted a lucrative offer for employment in California. Stacy also received an offer for a job in California paying more than twice the salary she earned in Miami.
Stacy filed a petition in the Florida court seeking permission to move to California with the child. Robert filed a petition to prevent the move. The court permitted Stacy to travel between Florida and California, with the child, pending a hearing on the petitions. Eight months later, prior to a hearing on the petitions, Robert Sherman amended his petition, seeking an increase in visitation time or, alternatively, a change in residential custody.
At trial the mother testified that she was amenable to any type of visitation plan. She presented a plan for the child to visit with the father all holidays, summer vacations, during the father's vacations if different from summer vacations, and time with the child every ten-to-twelve weeks. Stacy offered to pay for all travel expenses associated with the visitations.
An expert for the mother testified that Stacy's motives to relocate were sincere *151 and that the move was in the child's best interest. The father's expert had no opinion whether Stacy or Robert would make the best residential parent but did opine that the child's relocation would inhibit father-son bonding. Robert questioned Stacy's motivation to move, contending that it was an attempt to defeat his visitation rights, and that she had interfered with visitation and had failed to consult him on important issues concerning the child's development.
The trial court found that Stacy's motivation to relocate was legitimate and that she had a sincere desire to be with her husband and to improve her economic situation. He further found that Stacy is an excellent mother. The court concluded, however, that Stacy did not fully understand the child's need for a close relationship with his father, that she had frustrated visitation on prior occasions, and that the move to California would inhibit father-son bonding. Concluding that a court should be loathe to interfere with a pattern of weekend visitation, the judge determined that it was in the child's best interest to deny the mother's request to move. In granting the father's alternative request for a change in custody, the court found that the mother's relocation to California, under the circumstances, constituted a material and substantial change. We reverse.
It was the father's extraordinary burden to prove, on his petition for a change in custody, not only that a substantial and material change in circumstances had occurred since the marriage dissolution, but also that the welfare of the child would be promoted by the change in custody. Bennett v. Bennett, 73 So.2d 274 (Fla. 1954); Hood v. Hood, 479 So.2d 269 (Fla. 1st DCA 1985). The law is well established that a custodial parent's move to another state does not ordinarily constitute a substantial change in circumstances which would support a change in custody. Zugda v. Gomez, 553 So.2d 1295 (Fla. 3d DCA 1989); Nissen v. Murphy, 528 So.2d 502 (Fla. 2d DCA 1988). Nor does the custodial parent's frustration of visitation rights, alone, justify a change in residential custody. Brown v. Brown, 552 So.2d 271 (Fla. 1st DCA 1989); Crippen v. Crippen, 508 So.2d 1339 (Fla. 4th DCA 1987). Although there was a finding of frustration with visitation, any interference with the father's visitation must have occurred while the mother and child were commuting between California and Florida  as the court intimated. The father admitted, in his trial testimony, that the mother had not interfered with visitation in previous years. Because Stacy's travel between Florida and California on a bi-weekly basis was done with the court's temporary permission, with a provision for the child to spend alternate weekends with his father, there was no failure to comply with the judgment or other order of the court regarding visitation.
The trial court's concerns about child visitation and parental bonding were addressed by this court in Matilla v. Matilla, 474 So.2d 306 (Fla. 3d DCA 1985), where we held that meaningful visitation can occur where the custodial parent resides in a foreign jurisdiction, and that extended visits may serve the parental relationship better than the typical weekly visit. Id. at 307 (quoting D'Onofrio v. D'Onofrio, 144 N.J. Super. 200, 365 A.2d 27 (Ch. Div.), aff'd, 144 N.J. Super. 352, 365 A.2d 716 (1976)). That the parents reside in different states is not necessarily adverse to the child's best interests where liberal visitation rights are protected.
Applying the criteria set forth in Matilla and other recent decisions of this court, see Hill v. Hill, 548 So.2d 705 (Fla. 3d DCA 1989); Pintado v. Leggett, 545 So.2d 311 (Fla. 3d DCA 1989); Landa v. Landa, 539 So.2d 543 (Fla. 3d DCA 1989), we conclude that where, as here, (1) the move is likely to vastly improve the quality of life for both the custodial parent and the child, and (2) the custodial parent has agreed to comply with meaningful substitute visitation and has offered to pay the transportation costs of regular visitations, there is no basis for denying the parent's request to move to another jurisdiction. We hold, therefore, that the trial court abused its discretion in denying the mother's *152 request to relocate, and in transferring residential custody to the father.
Reversed and remanded for further proceedings consistent with this opinion.