564 So.2d 1138 (1990)
James H. DIXSON, Jr., Appellant,
v.
Stephanie CANTRELL, F/K/a Stephanie Dixson, Appellee.
No. 89-3323.
District Court of Appeal of Florida, First District.
June 29, 1990.
Rehearing Denied July 30, 1990.
Carroll L. McCauley, Panama City, for appellant.
Robert B. Staats of Staats, Overstreet, White & Clarke, Panama City, for appellee.
ZEHMER, Judge.
We review by expedited appeal the final order of the court below modifying the provisions for child custody set forth in the judgment of a court of the Netherlands that dissolved the marriage of the appellant and appellee. The appealed order is reversed upon the holding that a substantial change of circumstances is a prerequisite to modification of child custody provisions in these circumstances, and such change has not been shown on this record.
We also review by cross-appeal the dismissal of appellee wife's petition for dissolution of marriage for failure to show that the Netherlands judgment was procured by fraud. Finding no error in this ruling of the court below, we affirm the cross-appeal without further discussion.
The parties to this appeal obtained the dissolution of their marriage in the Netherlands court by judgment dated March 2, 1988, which reserved decision on the award of custody of the parties' three children.[1] After a further hearing on custody, at which the wife was represented by counsel, an order dated May 26, 1988, awarded permanent custody of the three children to the appellant husband, who at *1139 all times pertinent to this appeal continued to live in the Netherlands. The court below correctly concluded that both of these orders are lawful orders of a foreign jurisdiction entitled to recognition by it under the principle of comity.
After the appellee wife returned to the United States, she applied to the court below for a change of custody of the children to her. The appealed order granted appellee wife modification of the custody provisions in the Netherlands order and made pertinent findings as follows:
2. The former wife failed to prove by clear and convincing evidence that there had been a substantial change of circumstances from the date of the entry of the final judgment entered by the Courts of the Country of the Netherlands.
3. Any final judgment entered by the Courts of the Country of the Netherlands is not entitled to full faith and credit, but will be recognized by this court under principles of comity.
4. The court finds that it would be in the best interest of the parties' minor children that this court review all of the facts and circumstances concerning the welfare of the children, and that the former wife should not be required, under principles of comity as applied to this case, to prove a substantial change in circumstances.
5. It would be in the best interest of the parties' minor children that the parties be awarded shared parental responsibility insofar as the minor children are concerned, with the former wife's residence being designated as the primary residence of the children.
R. 477. Based on these findings, the court ordered that:
2. The final judgment entered by the Courts of the Country of the Netherlands awarding to the husband the primary care, custody and control of the parties' minor children ... is hereby modified. The parties... are hereby declared to have shared parental responsibility with their minor children ... and the residence of the former wife ... is hereby designated as the primary physical residence for the parties' minor children. The former husband ... shall have the right of reasonable visitation with said minor children, to be exercised by him at reasonable times and places. Should the parties be unable to agree as to a visitation schedule, this court hereby specifically retains jurisdiction of the parties hereto for the purpose of entering a visitation schedule upon proper petition of either party.
* * * * * *
4. The court retains jurisdiction of the parties for purposes of entering orders effecting [sic] the support and maintenance of the children.
R. 480-81. In effect, the court ruled that the child custody issue could be tried de novo based on its determination of the best interests of the children, since the court was not bound by the Netherlands order, and only required to accord it comity.
The issues herein are governed in substantial part by the Uniform Child Custody Jurisdiction Act, §§ 61.1302-61.1348, Florida Statutes (1989). Section 61.1328 requires the courts of this state to recognize and enforce an initial decree of custody entered by an out-of-state court having jurisdiction of the parties and their children as defined in this act. Section 61.133 authorizes a Florida court to modify an out-of-state custody order in certain circumstances, and requires the Florida court to consider "the transcript of the record and other documents of all previous proceedings submitted to it in accordance with s. 61.1346." Section 61.1346 requires the courts of this state to request of the court issuing the custody order "a certified copy of the transcript of any court record and other documents." Section 61.1348 extends these provisions to the international area and effectively requires the courts of this state to recognize foreign custody orders under principles of comity provided "reasonable notice and opportunity to be heard were given to all affected persons." Thus, the provisions of this act are applicable to the Netherlands court's orders now before us. See Izmery v. Izmery, 559 So.2d 1211 (Fla. 3d DCA 1990).
*1140 Although this appeal presents interesting questions under the UCCJA concerning the power of the Florida court to exercise jurisdiction over the parties' minor children in this case, see § 61.133, Florida Statutes (1987), we find it unnecessary to decide these jurisdictional questions. Assuming without deciding that the Florida court has jurisdiction in this case to modify custody of the children, the court clearly erred in doing so without a showing of substantial change of circumstances.
It is too well established to warrant discussion that Florida law governing modification of child custody requires that the modification be set aside absent a showing of a substantial change in circumstances after the original custody order was entered. See Bennett v. Bennett, 73 So.2d 274 (Fla. 1954); Sherman v. Sherman, 558 So.2d 149 (Fla. 3d DCA 1990); Peaden v. Slatcoff, 522 So.2d 959 (Fla. 1st DCA 1988); Hood v. Hood, 479 So.2d 269 (Fla. 1st DCA 1985). That same principle applies with respect to the modification of foreign custody orders. The general principles applicable in this circumstance are well stated in 26 Fla.Jur.2d, Family Law § 803 (1981), at page 514:
Sister state custody decrees are entitled to great weight and respect in this state under the doctrine of comity, absent a showing by clear and convincing evidence that such new conditions have arisen since rendition of the decree as would justify a change in custody, or that other facts have come to light which, if known to the court rendering the original decree, would have impelled a different conclusion. .. .
Whatever effect the full faith and credit clause may have with respect to custody decrees, it is clear that the state of the forum has at least as much leeway to disregard the judgment, to qualify it, or to depart from it, as does the state where it is rendered. Custody orders are universally regarded as being subject to modification or change upon good cause shown, and where an action is brought in this state to enforce a foreign custody order or to obtain the custody of a child, the court is entitled to make a new order if there has been a change of circumstances, or if there were material facts bearing on the question of custody that were unknown to the decree-granting court at the time it entered its decree. The party seeking to change the custody award must show that the circumstances of the custodial parent have materially changed since the entry of the sister state decree, or that any of the circumstances surrounding the present custody arrangement are detrimental to the welfare of the child... .
The order here appealed was predicated upon the erroneous legal premise that no substantial change in circumstances need be shown to modify the Netherlands court order. This premise is erroneous, as the foregoing authorities make clear. There is no proof in the record that the Netherlands court could modify the custody order without a showing of changed circumstances. The record wholly fails to support any finding of substantial change in circumstances, or that the original award was rendered by the Netherlands court without evidence or knowledge of circumstances that would have required a different custody arrangement. The trial court's explicit finding that no change in circumstances has occurred is thus well taken. Accordingly, the order of modification of custody is reversed and the cause is remanded with directions to give effect to the terms of custody set forth in the Netherlands court order.
REVERSED IN PART AND AFFIRMED IN PART.
SMITH and MINER, JJ., concur.
NOTES
[1] The Netherlands court had personal jurisdiction of the husband, the wife, and their three children. Both the husband and wife were represented by counsel in these proceedings.