630 So.2d 673 (1994)
Henry N. COPPOLA, Appellant,
v.
Lenora COPPOLA, Appellee.
No. 92-3363.
District Court of Appeal of Florida, Fourth District.
January 19, 1994.
Rehearing Denied February 15, 1994.
*674 Kenneth G. Spillias of Law Office of Kenneth G. Spillias, P.A., West Palm Beach, and Kenneth H. Renick of Renick, Singer, Kamber & Fleck, Lake Worth, for appellant.
Donald M. Allison of Gillespie & Allison, P.A., Boca Raton, for appellee.
STONE, Judge.
The final judgment of dissolution is reversed. With respect to alimony, the record reflects several items that the court either failed to consider as expenses or erred by considering as income in arriving at the amount of the award. It was also an abuse of discretion to order Appellant to pay Appellee's attorney's fees where the equitable distribution of assets was essentially equal, and Appellee's income, including alimony, exceeded the husband's. See Kelly v. Kelly, 557 So.2d 625 (Fla. 4th DCA 1990); Ball v. Ball, 554 So.2d 629 (Fla. 4th DCA 1989); Avery v. Avery, 548 So.2d 865 (Fla. 4th DCA 1989).
In computing the husband's income, the court anticipated that he would forgo his allotted vacation time and receive a cash adjustment for the unused vacation. Although the husband did "cash in" vacation time in a prior year in order to pay a tax liability, the record reflects a history of his otherwise using vacation time for its intended purpose. Although there certainly may be instances, taking into consideration the totality of the circumstances, in which one spouse should be expected, and can be required, to forgo earned vacation time in order to meet the needs of the other spouse, we do not find sufficient exigency demonstrated here for such a mandate. Nor can we assume, without more, that Appellant should not be treated the same as any other employed spouse with regard to vacation time merely because he is an airline pilot and has the additional time off that that occupation requires.
In calculating expenses, the court apparently failed to consider the husband's undisputed expenses for union dues, uniforms, and unreimbursed travel expenses, totaling over $500 per month. Further, the record is not clear whether the court took into account the interest expense with which it burdened the husband when it allocated the parties' extensive debt to him, recognizing that there would be no liquid assets with which to satisfy the debt until the sale of the house.
With respect to the other issues raised, we find no error or abuse of discretion. On remand, the trial court should also consider whether the wife now qualifies for social security disability benefits.
Therefore, the final judgment is reversed and remanded for further proceedings.
ANSTEAD and PARIENTE, JJ., concur.