WARNER, J.
In the first appearance of this case in our court, Bomwell v. Bomwell, 676 So.2d 508 (Fla. 4th DCA 1996), we reversed several aspects of the final judgment of dissolution of marriage including: the award of permanent alimony for failure to make findings required by section 61.08(2), Florida Statutes (1993); the finding of a special equity in the marital home in the wife’s favor for lack of evidence to rebut the presumption of gift, see section 61.075(5)(a), Florida Statutes (1993); the date of valuation used by the trial court in valuing the husband’s pension for failure to explain why the date of dissolution was not used, see section 61.075(6); and the award to the wife of attorney’s fees. On remand, the trial court made findings as to the alimony award, determined that the wife had a special equity in the marital residence, and provided reasons for its valuation date of the pension. It again awarded attorney’s fees to the wife. We affirm the award of alimony and the adequacy of the reason for the pension valuation date, but we again reverse the award of special equity in the home to the wife and the award of attorney’s fees.
*1141 The trial court’s findings support the award of alimony to the wife. The order took into consideration all of the relevant factors in section 61.08. While the husband complains that the amount of alimony awarded is beyond his ability to pay, the payments constitute only 38% of his income.
Based upon the law of the ease doctrine, we reverse the award of the special equity in the marital home to the wife. In Bomwell I, we held that the wife had not presented evidence sufficient to rebut the presumption of a gift pursuant to section 61.075(5)(a). However, we did not direct that further evidence be taken on remand on this issue. The wife had already presented her case, and the evidence did not support her claim for a special equity. Thus, the reversal of the award of the special equity became the law of the case and the wife should not have received a second chance to prove the same issues. See Skaf v. Skaf, 491 So.2d 1265, 1266 (Fla. 4th DCA 1986). However, even considering the evidence submitted by the wife at the hearing on remand, it is insufficient in the context of all of the evidence to overcome the statutory presumption of a gift.
With respect to the pension, the trial court had originally valued the pension as of the date of the final judgment. We reversed because the court had failed to provide reasons for a valuation date different than the date of the filing of the petition for dissolution. See § 61.075(6). On remand, the trial court provided three reasons for using the date of the original final judgment: (1) the parties continued to reside in the marital home for some time after the petition for dissolution of marriage was filed; (2) the husband was able to continue working uninterrupted during these proceedings due to the efforts of both parties; and (3) the later valuation date would “counteract the Former Husband’s lessening of the value of the deferred retirement accounts by his early withdrawal of funds after filing for dissolution of marriage.” While the first two reasons are not supported by the record, the third reason constitutes an adequate explanation of the valuation date used.
Finally, we reverse the award of attorney’s fees to the wife. The trial court awarded to the wife the greater share of the parties’ assets, and through its award of alimony, each party will have approximately the same amount of income. The husband’s share of liabilities is greater than that of the wife. Under these circumstances, we have held that an award of attorney’s fees to one spouse is error. See Keaton v. Keaton, 634 So.2d 798, 799 (Fla. 4th DCA 1994); Coppola v. Coppola, 630 So.2d 673, 674 (Fla. 4th DCA 1994).
We affirm the remaining issues on appeal.
Affirmed in part, reversed in part, and remanded with directions to delete the provision of special equity in the marital residence to the wife and the award of attorney’s fees to the wife.
KLEIN, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.